UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 21-09959-MWF (AGR)      **Date:** March 8, 2022
**Title:**  Ruthie Braswell v. AHMC San Gabriel Valley Medical Center LP et al

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**    ORDER DENYING PLAINTIFF'S MOTION TO REMAND [14] AND GRANTING DEFENDANTS' MOTION TO DISMISS [8]

Before the Court are two motions.

The first is Plaintiff Ruthie Braswell's Motion to Remand the case to Los Angeles County Superior Court, filed on January 31, 2022. (Docket No. 14). Defendants filed an Opposition on February 7, 2022. (Docket No. 15). Plaintiff filed a Reply on February 14, 2022. (Docket No. 18).

The second is Defendants' Motion to Dismiss, filed on January 3, 2022. (Docket No. 8). Plaintiff filed an Opposition on February 7, 2022. (Docket No. 16). Defendants filed a Reply on February 11, 2022. (Docket No. 17).

The Court has read and considered the papers filed in connection with the Motions and held a telephonic hearing on **February 28, 2022**, pursuant to General Order 21-08 and Order of the Chief Judge 21-124 arising from the COVID-19 pandemic.

Plaintiff's Motion to Remand is **DENIED**. This Court has federal subject-matter jurisdiction over Plaintiff's state law claims because at least one claim is completely preempted by federal law, and the Court will exercise supplemental jurisdiction over Plaintiff's remaining claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 21-09959-MWF (AGR)              Date:  March 8, 2022
Title:    Ruthie Braswell v. AHMC San Gabriel Valley Medical Center LP et al

Defendants' Motion to Dismiss is **GRANTED *with leave to amend***.  Plaintiff fails to allege sufficient facts to support a theory of joint employer liability.

## I.   BACKGROUND

Plaintiff is a licensed vocational nurse ("LVN"), formerly employed by AHMC San Gabriel Valley Medical Center LP.  (Compl. ¶ 23 (Docket No. 1-1, Ex. A)).  She filed this suit against her former employer and nine other affiliate entities, alleging a single cause of action under the California Private Attorneys General Act ("PAGA") for violations of the California Labor Code.  (*See generally* Compl.).  Plaintiff brings this suit on behalf of herself, the Labor Workforce Development Agency ("LWDA"), and "Aggrieved Employees" employed by Defendants.  (*Id.*).

Plaintiff was employed as a full-time non-exempt employee from 2014 until September 2020, when Plaintiff was placed on disability leave.  (*Id.* ¶ 23).  Plaintiff alleges that Defendants wrongly deprived her and the Aggrieved Employees of meal periods, rest periods, overtime wage payments, and a host of other violations under the California Labor Code. (*Id.* ¶¶ 22–58).

Specifically, Plaintiff claims that Defendants failed to keep accurate payroll records, failed to provide meal period breaks, failed to provide rest period breaks, failed to pay minimum and overtime wages, failed to accurately report their wage payments, failed to pay wages due, failed to indemnify employees for business expenses, failed to furnish accurate wage statements, failed to provide sick leave pay, failed to pay timely final wages, and failed by conditioning employment on the passage of improper background checks.  (*Id.* ¶¶ 59–118).

Defendants removed the action to this Court on December 28, 2021.  (Notice of Removal (Docket No. 1)).  The basis for removal was that Plaintiff's overtime and sick pay claims are preempted under § 301 of the Labor Management Relations Act ("LMRA").

## II.   MOTION TO REMAND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-09959-MWF (AGR)          **Date:** March 8, 2022
**Title:**     Ruthie Braswell v. AHMC San Gabriel Valley Medical Center LP et al

Courts should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. *Id.*; *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

Under the "well-pleaded complaint" rule, "federal jurisdiction exists only when a federal question is present on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

"A corollary to the well–pleaded complaint rule is the 'complete preemption' doctrine, which applies in cases in which 'the preemptive force of a statute is so extraordinary that it converts an ordinary state common–law complaint into one stating a federal claim for purposes of the well–pleaded complaint rule.'" *In re NOS Commc'ns, MDL No. 1357*, 495 F.3d 1052, 1057 (9th Cir. 2007) (quoting *Caterpillar*, 482 U.S. at 393). "Once an area of state law has been completely preempted, any claim purportedly based on that pre–empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.*

### A.    Preemption Under the LMRA

The Supreme Court has long interpreted the LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019). Section 301 of the LMRA "vests federal courts with jurisdiction to hear suits 'for violation of contracts between an employer and a labor organization representing employees . . . without respect to the amount in controversy or without regard to the citizenship of the parties.'" *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1009 (9th Cir. 2018) (quoting 29 U.S.C. § 184(a)).

"By enacting the LMRA, Congress completely preempted state law for certain labor-related claims." *Id.* Because these areas are completely preempted, any such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 21-09959-MWF (AGR)         Date: March 8, 2022
Title:     Ruthie Braswell v. AHMC San Gabriel Valley Medical Center LP et al

claim is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301. *Id.* "In other words, a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court." *Curtis*, 913 F.3d at 1152.

But "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016) (quoting *Allis-Chalmers Corp v. Lueck*, 471 U.S. 202, 211 (1985)).

To determine what claims are preempted under § 301, the Ninth Circuit has adopted a two-step inquiry. First, if the asserted cause of action involves a right that exists solely as a result of the collective-bargaining agreement ("CBA"), then the claim is preempted and the analysis ends there. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). Second, if a plaintiff's state law right is substantially dependent on analysis of the CBA, then the claim is preempted. *Id.*

### B.     Preempting Section 510(a) of the California Labor Code Under *Curtis*

Plaintiff's PAGA claim alleges a violation for failure to properly pay overtime wages under California Labor Code section 510(a). (Compl. ¶ 84).

Section 510(a) governs overtime wages. The statute provides that hours in excess of a 40-hour workweek or an 8-hour workday must be compensated at one-and-one-half rate of pay. Cal. Lab. Code § 510(a). But this section does not apply to an employee working "[a]n alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514." *Id.* Indeed, Section 514 confirms this exception for workers that are employed subject to a qualifying CBA:

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 21-09959-MWF (AGR)                    Date:  March 8, 2022
Title:     Ruthie Braswell v. AHMC San Gabriel Valley Medical Center LP et al

>   worked and a regular hourly rate of pay for those employees of not less
>   than 30 percent more than the state minimum wage.

Cal. Lab. Code § 514.

Under the first step of the § 301 preemption inquiry – deciding whether the asserted cause of action involves a right that exists solely as a result of the CBA – sections 510 and 514 can create some uncertainty.  For instance, section 510 establishes a state-directed right to overtime pay, but section 514 clarifies that section 510 does not apply to workers employed under to a qualifying CBA – so if section 510 does not "apply," does that mean the right to overtime pay exists solely as a result of the CBA?

In 2019, the Ninth Circuit resolved this uncertainty with its holding in *Curtis*. 913 F.3d 1146.  Like here, the plaintiff in *Curtis* was employed subject to a CBA and filed state law claims against his employer for overtime wage violations under section 510(a).  *Id*. at 1149.  The plaintiff in *Curtis* also attempted to remand the case back to state court, arguing that his right to overtime pay was a nonnegotiable state right that existed independently of his CBA, and so his claim was not preempted by § 301.  *Id*. at 1153. The Ninth Circuit, however, disagreed.

The Ninth Circuit made clear that "[i]f [plaintiff's] CBAs [] meet the requirements of section 514, [plaintiff's] right to overtime exists solely as a result of the CBA, and therefore is preempted under § 301."  *Id*. at 1154 (internal quotation omitted).  The panel reasoned that "the California legislature deemed it appropriate to allow unionized employees to contract around section 510(a)'s requirements by bargaining over not only the rate of overtime pay, but also when overtime pay will begin." *Id.* at 1154–55 (internal quotation omitted).  "Accordingly, when such a bargain has been struck, courts look to the CBA to determine the definition of 'overtime.'" *Id*. at 1155.

Therefore, if Plaintiff Braswell or the Aggrieved Employees are employed subject to a CBA that meets the requirements of section 514, their rights to overtime

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 21-09959-MWF (AGR)                Date:  March 8, 2022
Title:     Ruthie Braswell v. AHMC San Gabriel Valley Medical Center LP et al

pay exist solely as a result of the CBA – not state law – and their claim will be completely preempted by § 301 of the LMRA.

### C. Discussion

Defendants removed this action on grounds that Plaintiff's overtime and sick pay claims are preempted under § 301 of the LMRA. The Court need only reach the alleged overtime pay violations to find subject-matter jurisdiction here.

As discussed above, Plaintiff's alleged overtime pay violations arise under section 510(a) of the California Labor Code. Under *Curtis*, these claims are preempted by § 301 of the LMRA if Plaintiff's employment is subject to a qualifying CBA under section 514. A qualifying CBA is an agreement that "expressly provides for the wages, hours of work, and working conditions of the employees, and . . . premium wage rates for all overtime hours worked[,] and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage."

In support of removal, Defendants submitted nine CBAs that cover the Aggrieved Employees that Plaintiff seeks to represent. (Saito Decl., ¶¶ 3-11, Ex. B, C, D, E, F, G, H, I, J (Docket No. 1)). Plaintiff does not dispute Defendants' assertion that seven of the CBAs establish an alternative workweek schedule for certain employees and all nine of the CBAs provide for wages, hours of work, working conditions, paid sick days, final and binding arbitration of disputes concerning sick pay, premium wage rates for all overtime hours, and regular hourly rates of not less than 30 percent more than the state minimum wage. (Mot. to Remand Opp. at 9). Accordingly, the Court adopts Defendants' conclusion that the CBAs covering the Aggrieved Employees meet the requirements of section 514 – a conclusion that Plaintiff does not dispute.

At the hearing, Plaintiff's counsel argued that this case is distinguishable from *Curtis* because neither Plaintiff nor the State of California, whom she represents in her PAGA action, is a party to any of the qualifying CBAs offered by Defendants. This argument, however, does not overturn the Court's conclusion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 21-09959-MWF (AGR)                Date:  March 8, 2022
Title:     Ruthie Braswell v. AHMC San Gabriel Valley Medical Center LP et al

 Even if Plaintiff and the State are not parties to the qualifying CBAs, the Court must still interpret the agreements to determine whether a violation occurred as to the Aggrieved Employees.  Indeed, that is the only basis upon which the State of California could recover penalties under the facts of this case.  Where, as here, a plaintiff files suit on behalf of employees covered by a qualifying CBA, her own lack of CBA coverage is not a defense to preemption under *Curtis*.  *Dep't of Fair Emp. & Hous. v. Verizon Cal., Inc.*, 108 Cal. App. 4th 160, 133 Cal. Rptr. 2d 258 (2003) (finding preemption under LMRA § 301 where named plaintiff was not a party to the qualifying CBA).

 Plaintiff also argues that Defendants improperly removed the case because preemption is an affirmative defense and, as a matter of law, affirmative defenses cannot give rise to removal to federal court.  (Mot. to Remand Reply at 2).

 But Plaintiff misunderstands the effect of "complete" preemption.  "Once an area of state law has been completely preempted, any claim purportedly based on that pre–empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."  *In re NOS Commc'ns, MDL No. 1357*, 495 F.3d at 1057.

 Plaintiff also fails to squarely address the Ninth Circuit's holding in *Curtis*.  The Motion to Remand makes no mention of *Curtis*, and Plaintiff's Reply attempts to distinguish *Curtis* on the basis that the plaintiff requested compensation for off-duty time and Plaintiff Braswell here requests compensation for hours worked on duty.  (Mot. to Remand Reply at 3).  Plaintiff makes no argument why this distinction is relevant to the preemption analysis or the Ninth Circuit's holding.

 Because the Defendants' CBAs with the Aggrieved Employees satisfy the requirements of section 514, the right to overtime pay exists solely as a result of the CBA.  Accordingly, the claim is completely preempted by § 301 of the LMRA and the Court has federal question jurisdiction over the claim.

 The Motion to Remand is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 21-09959-MWF (AGR)                    Date:  March 8, 2022
Title:    Ruthie Braswell v. AHMC San Gabriel Valley Medical Center LP et al

    **D.**    **Supplemental Jurisdiction**

In addition to the alleged overtime pay violations, Plaintiff's PAGA claim asserts various other California Labor Code violations, like inadequate rest and meal periods, among others. These claims do not raise an issue of federal law. Nonetheless, because they are intertwined with Plaintiff's overtime pay claims such that they are a part of the same case or controversy, the Court will exercise supplemental jurisdiction to adjudicate these claims as well. 28 U.S.C.A. § 1367.

**III.**    **MOTION TO DISMISS**

Defendants' Motion to Dismiss is based solely on the assertion that Plaintiff fails to allege facts to support a theory of joint employer liability.

Plaintiff was employed by AHMC San Gabriel Valley Medical Center, but she named nine additional Defendants on behalf of employees working at six other hospitals. These nine additional Defendants (the "Moving Defendants") request dismissal of the claims against them because Plaintiff's conclusory allegations regarding joint control are legally insufficient to state a claim. (Mot. to Dismiss at 7–8) (naming the nine Moving Defendants).

    **A.**    **Legal Standard**

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 21-09959-MWF (AGR)           Date: March 8, 2022
Title:      Ruthie Braswell v. AHMC San Gabriel Valley Medical Center LP et al

conclusions, even when disguised as facts. *See id*. at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

**B.**      **Discussion**

"An employee who seeks to hold a parent corporation liable for the acts or omissions of its subsidiary on the theory that the two corporate entities constitute a single employer has a heavy burden to meet under both California and federal law." *Laird v. Cap. Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 737, 80 Cal. Rptr. 2d 454 (1998). "Corporate entities are presumed to have separate existences, and the corporate form will be disregarded only when the ends of justice require this result." *Id*. "[T]here is a strong presumption that a parent company is not the employer of its subsidiary's employees." *Id*.

California applies the federal "integrated enterprise" test to determine whether two corporations should be considered a single employer. *Id*. The test has four factors: (1) interrelation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership or financial control. *Id*. Under the test, "common ownership or control alone is never enough to establish parent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 21-09959-MWF (AGR)                    Date:  March 8, 2022
Title:     Ruthie Braswell v. AHMC San Gabriel Valley Medical Center LP et al

liability," and centralized control of labor relations is considered the most important factor.  *Id*. at 738.  Additionally, broad general policy statements regarding employment matters are not enough to establish centralized control.  *Id*.

Additionally, California uses three alternative definitions to define the existence of an employment relationship.  *Martinez v. Combs*, 49 Cal. 4th 35, 64 (2010).  To employ means (1) to exercise control over the wages, hours, or working conditions; (2) to suffer or permit to work; or (3) to engage as to create a common law employment relationship.  *Id*.

The factual allegations in the Complaint, taken as true, fail to satisfy either test against the Moving Defendants.  The Complaint's allegations are insufficient because they are devoid of any facts related to the conduct of the Moving Defendants.  Rather, the Complaint summarily attaches legal conclusions to vague allegations indicating that Plaintiff was employed by *all* Defendants.  It is improper for the Court to consider legal conclusions that are disguised as facts.  *Iqbal*, 556 U.S. at 681.

Plaintiff's Opposition makes reference to specific allegations in the Complaint that supposedly describe Defendants' joint operations.  But the allegations specifically identified by Plaintiff are prime examples of improper legal conclusions devoid of factual support.  The following example is a "specific" allegation in the Complaint:

> Specifically, upon information and belief, PLAINTIFF alleges that DEFENDANTS created a uniform set of policies, practices and/or procedures concerning, inter alia, hourly and overtime pay, time-keeping practices, meal and rest periods, payment of wages, hours, background check inquiries and practices, and working conditions that were distributed to, and/or applied to PLAINTIFF and the Aggrieved Employees, and further that DEFENDANTS uniformly compensated and controlled the wages of Plaintiff and the Aggrieved Employees in a uniform manner . . . DEFENDANTS collectively exercised the right to control the wages, hours and working conditions of PLAINTIFF and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 21-09959-MWF (AGR)           Date: March 8, 2022
Title:       Ruthie Braswell v. AHMC San Gabriel Valley Medical Center LP et al

>Aggrieved Employees. As such, DEFENDANTS collectively held the right to control virtually every aspect of PLAINTIFF's and the Aggrieved Employees' employment, including the instrumentality that resulted in the illegal conduct for which PLAINTIFF seek relief in this Complaint.

Compl. ¶¶ 13–14. The Complaint, however, lacks any facts to support the conclusions above. There are no facts supporting the claim that Moving Defendants had control over the wages of Plaintiff and the Aggrieved Employees. There are no facts supporting the claim that Moving Defendants operated in a uniform manner. And there are no facts supporting the claim that Moving Defendants had the right or ability to define the hours or working conditions of Plaintiff and the Aggrieved Employees.

      Moreover, broad and uniform policies are insufficient to establish joint liability under the "integrated enterprise" test. *Laird*, 68 Cal. App. 4th at 737.

      Perhaps aware of the Complaint's deficiencies, Plaintiff alternatively requests permission to immediately conduct discovery regarding Defendants' corporate structure and its methods for creating and disseminating policies and procedures related to the Labor Code violations alleged in this case. (Mot. to Dismiss Opp. at 2). The request is denied.

      If the Court were to grant Plaintiff's request, it would frustrate the gatekeeping function clearly defined by the Supreme Court. *See Iqbal*, 556 U.S. at 678–79 (the court must accept factual allegations pled as true but it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Put plainly, when a complaint is deficient under Rule 8, a plaintiff "is not entitled to discovery, cabined or otherwise." *Id*. at 686. Therefore, the Court will not allow Plaintiff to conduct premature discovery here.

      Accordingly, Moving Defendants' Motion to Dismiss is **GRANTED *with leave to amend***.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-09959-MWF (AGR)        **Date:** March 8, 2022
**Title:** Ruthie Braswell v. AHMC San Gabriel Valley Medical Center LP et al

Plaintiff's First Amended Complaint is due on or before **March 28, 2022**.

IT IS SO ORDERED.